IN THE UNITED STAT1ES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CASSANDRA B. FANCHER,     } | |
| } | |
| Plaintiff,             } | |
| } | CIVIL ACTION NO. |
| v.                            } | 2:13-CV-2122-WMA |
| } | |
| CAROLYN W. COLVIN,        } | |
| Acting Commissioner of Social } | |
| Security,                 } | |
| } | |
| Defendant.              } | |

**MEMORANDUM OPINION**

Claimant, Cassandra B. Fancher, upon exhaustion of her administrative remedies, brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final agency decision denying her application for disability insurance and supplemental security income benefits. (R. at 76-77). While both parties agree that Fancher has severe impairments,[1] Fancher challenges the agency's final determination that she has the residual functional capacity to perform a range of light work (R. at 28-32) and is therefore not "disabled" under regulation. 20 C.F.R. §§ 404.1529 and 416.929.

---

[1] The administrative law judge ("ALJ") found that Fancher suffers from bipolar disorder, anxiety, obsessive compulsive disorder, morbid obesity, hypertension postpartum, degenerative joint disease of the bilateral knees, and migraines. (R. at 26). Fancher does not challenge the ALJ's finding that these impairments do not meet the severity of those listed in agency regulation. (Doc. 10 at 2, 8). To be "disabled," Fancher must lack the residual functional capacity to perform the requirements of any past relevant work. (R. at 27-28).

1

Fancher challenges the ALJ's decision on two grounds: (1) that the ALJ failed to apply proper legal standards or to state adequate reasons for rejecting the opinion of Dr. Lucas, Fancher's treating physician (Doc. 10 at 12); and (2) that the ALJ erred in giving "significant weight" to the opinions of nonexamining physicians Dr. Estock and Dr. Dobbs. (Doc. 10 at 12).

For the following reasons, the final agency decision denying Fancher disability and supplemental security income benefits will be affirmed.

As a product of the administrative adjudicative process, federal courts "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner." *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014)(quotation omitted). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004)); see 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a

conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

"In contrast to the deferential review accorded to the Secretary's findings of fact, the Secretary's conclusions of law, including applicable review standards, are not presumed valid." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). However, where the organic statute is ambiguous, "[courts] must accord proper deference to the interpretation adopted by the agency to which Congress has delegated the administration of the statute." *Stroup v. Barnhart*, 327 F.3d 1258, 1260 (11th Cir. 2003) (citing *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984)). In particular, deference is owed to regulations promulgated by the Social Security Administration interpreting the ambiguous statutory definition of "disability." *Barnhart v. Walton*, 535 U.S. 212, 217-18 (2002).

## I. Treating physician

Pursuant to agency regulation, a treating source's opinion is given controlling weight where it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527. In accord with this regulation, the Eleventh Circuit generally upholds an ALJ decision that gives little weight to the opinion of a treating physician of the ALJ has clearly articulated "good

cause" by showing either the "(1)treating physician's opinion was not bolstered by evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004).

In this case, the ALJ clearly articulated that "Dr. Lucas' opinion while considered is thus, inconsistent with the record as a whole and afforded little weight." (R. at 30); *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1179 (11th Cir. 2011) ("the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor"). While Fancher alleges Dr. Lucas' opinion was entitled to "controlling weight" (Doc. 10 at 8-15), there is substantial evidence in the record to support the ALJ's contrary conclusion.

First, rather than being firmly based on medically acceptable clinical and laboratory diagnostic techniques, the ALJ highlights the thin basis for Dr. Lucas' opinion that Fancher has "extreme difficulties." (R. at 30). The sole factor Dr. Lucas identified in making Fancher's assessment was "a history of psychiatric and therapy appointments." (R. at 30, 680); 20 C.F.R. § 404.1527. The ALJ also highlighted the infrequency and scope of Dr. Lucas' examinations. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). While the ALJ incorrectly stated that Dr. Lucas had only evaluated Fancher once (R. at 30), the medical reports

4

included in the record document four visits with minimal comments that suggest Fancher was seen by a therapist/nurse where Dr. Lucas merely reviewed the therapist/nurse's notes. (R. at 494-97). *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) ("there is no rigid requirement the ALJ specifically refer to every piece of evidence in his decision"). Despite the ALJ's error, which was innocuous, the record supports the lessened weight given that the ALJ gave Dr. Lucas' opinion given the infrequency and summary quality of Dr. Lucas' examinations.

The ALJ further highlighted that Dr. Lucas' opinion was inconsistent with the other substantial evidence in the record. Specifically, Fancher's global assessment of functioning scores indicated moderate difficulties inconsistent with Dr. Lucas' evaluation of "extreme difficulties." (R. at 30). The ALJ emphasized that the lack of frequent changes in Fancher's medication and degree of psychiatric care were "inconsistent with extreme and marked limitations as Dr. Lucas identified." (R. at 30). Unlike a patient with "extreme difficulties," Fancher "remained in psychiatric outpatient services with no record of inpatient treatment and no indication of decompensation requiring more intensive care." (R. at 30). These inconsistent facts provided substantial evidence for giving Dr. Lucas' opinion lesser weight.

Further, given both the limited medical foundation for Dr.

5

Lucas' opinion and the inconsistent evidence in the record, the ALJ's giving the treating physician's opinion "little weight" is consistent with agency regulation and constitutes "good cause." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004) (where the ALJ articulates "several legitimate reasons," the treating physician's "opinion should be given little weight [and] is supported by substantial evidence").

**II. Nonexamining sources**

Agency regulation advises that "because nonexamining sources have no examining or treating relationship with [the claimant], the weight [the ALJ] will give their opinions will depend on the degree to which they provide supporting explanations for their opinions." 20 C.F.R. §§ 404.1527 and 416.927. Consistent with these regulations, in the Eleventh Circuit, while "the opinion of a treating physician is generally entitled to more weight than that of a non-treating physician," opinions from nonexamining physicians may be accepted where the evidence supports a contrary conclusion. *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981); see *Bonner v. Prichard*, 661 F.2d 1206, 1209 (5th Cir. 1981) and *Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985).

In this case, the ALJ gave the opinions of nonexamining physicians Dr. Estock and Dr. Dobbs "significant weight in assessing [Fancher's] abilities, as they were well reasoned and

consistent with the identified medical evidence and activities they identified." (R. at 31-32). The ALJ emphasized that both physicians' identified behavior by Fancher that was consistent with a residual functional capacity to perform a range of light work. (R. at 28, 31-32). Specifically, Fancher "received visitors and attended the library," was able "to grocery shop, attend church, perform needlework, and other activities requiring concentration and socialization capacity." (R. at 31-32). While Fancher speculates that Dr. Dobbs and Dr. Estock may have drawn different conclusions had they been aware of Dr. Lucas' assessment, Fancher points to nothing in the record to support such speculation. (Doc. 10 at 16). Instead, there is substantial evidence in the record to support the ALJ's decision to give significant weight to the opinions of nonexamining physicians Dr. Estock and Dr. Dobbs. Furthermore, the ALJ carefully considered and based his decision on the record in its entirety, not just the three physician opinions challenged by Fancher. *Randolph v. Astrue*, 291 Fed. Appx. 979, 982 (11th Cir. 2008).

## CONCLUSION

For the reasons detailed above, the court will by separate order affirm the final agency decision denying Fancher disability and supplemental security income benefits.

DONE this 3rd day of February, 2015.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE